**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Arlys RUST, Defendant and Appellant.**

**No. 17436.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1991.

Decided Feb. 19, 1992.

Rehearing Denied March 23, 1992.

Mark Barnett, Atty. Gen., Craig M. Eichstadt, Deputy Atty. Gen., Pierre, for plaintiff and appellee.

James C. Roby of Green, Schulz, Roby & Oviatt, Watertown, Timothy J. Cummings of Green, Schulz, Roby & Oviatt, on brief, for defendant and appellant.

MILLER, Chief Justice.

## ACTION

Arlys Rust appeals an order of restitution based on her conviction for embezzlement. We affirm.

## FACTS

Rust worked as a bookkeeper for Rauen Steel Construction (Rauen). Between July 1, 1983 and June 27, 1990, she embezzled $221,818 from Rauen. Rauen discovered the embezzlement while Rust was on vacation in June 1990. Rauen contacted the appropriate authorities.

Rust was charged with embezzlement and she pled guilty as part of a plea agreement. State agreed not to charge her with other embezzlement counts and agreed not to present witnesses at sentencing. State reserved the right to inform the trial court of the entire amount of money embezzled. State and Rust agreed that State could seek restitution. They did not discuss what amount of restitution would be sought. In short, nothing in the plea agreement prevented State from seeking the maximum amount of restitution allowed by law.

At a combined arraignment and plea hearing, the trial court accepted Rust's guilty plea. After the trial judge had accepted Rust's guilty plea, he noted:

> The Court: I was just reminded that under the more recent—a recent decision of our Supreme Court, I should advise the Defendant even ahead of her plea, that there is a possibility, of course, that she may have—be ordered to make restitution, if that amount can be established. And I'm advising you of that now, Mrs. Rust, that that may be a term and condition of your sentence. And if that in any way affects your plea that you entered, then you should tell the Court now.
>
> Rust: No.

The trial court ordered a presentence report. Just before the October 31, 1990 sentencing hearing, the state's attorney informed Rust that he intended to seek restitution for the entire amount of money she embezzled while working at Rauen. Rust objected and argued that the trial court was only authorized by law to order restitution for crimes she was convicted of, pled guilty to, or admitted. After hearing the arguments of the state's attorney and Rust's attorney, the trial court noted:

> The Court: So that the record will reflect the approach the Court's going to take in this matter, and too, so that it's clear to counsel, I'm going to proceed with the sentencing procedure, and then the Court will consider the restitution issue at a restitution hearing some time subsequent to this date, so, that an amount can be determined. I'm not sure at this point as to what the effects are as to the agreeing to restitution in the plea bargain agreement, or the lack of that; however, the Court did advise the Defendant prior to the entry of her plea that one of the terms and conditions of the sentencing would be possible restitution, and, subsequent to that time, she did enter her plea with that knowledge. And we'll proceed from there. Mrs. Rust, would you stand, please? Would you state your name.
>
> Arlys Rust: Arlys Joy Rust
>
> \*   \*   \*   \*   \*   \*
>
> The Court: Now, Mrs. Rust, you entered a plea of guilty to this charge of Embezzlement before this Court approximately a little over a month ago. And, if you have any reason to believe that you were not afforded every right to which you were entitled, if you did not have a fair opportunity to confer with your counsel, if any promise was made to you with respect to sentencing, if you were coerced into making your plea, if you did not understand what you were doing when you entered your plea, and did not understand its consequences to you, if you are not guilty of the crime to which you pled guilty, or

> if you have any other reason which would make it in your best interest to withdraw your plea previously entered and proceed to trial, you may now move to withdraw your plea. I'd ask that you, please, confer with your counsel and advise the Court as to whether or not you want your plea to stand, and whether or not you are guilty of that offense.
>
> (Pause)
>
> Arlys Rust: I want it to stand.
>
> The Court: All right. And are you guilty of that offense?
>
> Arlys Rust: Yes.
>
> The Court: [A]ll right. Now, Mrs. Rust, you have heard the discussion between counsel here today and the Court. And it's rather confusing, but there is the question as to whether or not the Court should and will order restitution to be made, and the amount of restitution that's to be ordered. And I advised you previously, before you entered your plea, that there would be an order of restitution, or that was a possibility; and do you recall that?
>
> Arlys Rust: Yes.

Rust was sentenced to ten years in prison with two years suspended on condition that she makes restitution as ordered. A hearing on the restitution issue was held on January 2, 1991 and the trial court set restitution at $221,818.01. Rust appeals.

## DECISION

As noted in the facts above, nothing in the plea agreement limited the trial court's ability to order restitution to the full extent authorized by law. The trial court informed Rust that she could be ordered to pay restitution. Of course, when Rust pled guilty she did not know exactly how much restitution the trial court was going to order. That is not extraordinary. The important fact is that Rust knew the trial court could order her to pay restitution.

Rust did not admit in open court that she embezzled $221,818.01. Her attorney relies on the language of the restitution statutes, as interpreted by this Court in *State v. Wolff*, 438 N.W.2d 199 (S.D.1989), which

provides that restitution may only be ordered for crimes the defendant pled guilty to, was convicted of, or admitted. Rust contends the trial court only had authority to order restitution for the $10,278.62 she admitted to the court she had embezzled.

However, Rust admitted her entire embezzlement scheme to the court investigator during a court-ordered presentence investigation. She said that she had embezzled approximately $175,000, but was not aware of the exact amount. Investigation of her employer's records showed that she had taken over $220,000.

The trial court held an evidentiary hearing on restitution. An accountant testified that he examined the employer's financial records and learned that Rust had embezzled $221,818.01. Rust had the opportunity to cross-examine the witnesses and to present evidence on her own behalf. Based on the evidence produced at the restitution hearing, the trial court concluded that Rust had embezzled $221,818.01. The trial court ordered Rust to make restitution of that entire amount.

When she pled guilty Rust knew the trial court was going to order restitution. She admitted to the presentence investigator that she had embezzled a large amount of money over several years. Unlike the defendants in *Wolff* and *State v. Wilson,* 459 N.W.2d 457 (S.D.1990), Rust cannot successfully argue that her due process rights were abridged. A hearing was held and evidence was offered to prove that she had embezzled $221,818.01. She was given the opportunity to refute that evidence. The trial court ordered her to make restitution for the entire embezzlement scheme. We affirm the trial court's restitution order.

SABERS, J., concurs.

HENDERSON, J., concurs specially.

AMUNDSON and WUEST, JJ., dissent.

HENDERSON, Justice (specially concurring).

As the judiciary and academe review *Wolff* and *Wilson,* cited in the majority opinion, and hopefully *State v. Tuttle,* 460 N.W.2d 157, 160 (S.D.1990), the latter not cited in either the majority or minority opinion, a further valid consideration of the law on restitution may be found at *Crime and Punishment: The Propriety and Effect of South Dakota's Victim Restitution Legislation,* 31 S.D.L.Rev. 783, 786 (1986). Essentially, our State Legislature has established a comprehensive plan for restitution of financial loss caused by criminal acts.

As we review the decisional law on the subject of restitution, we must also heed the statutory law which is the wellspring of the decisional law.

SDCL 22-6-1 permits a trial court to order restitution (for a felony conviction). SDCL 22-6-2 similarly empowers a trial court to order restitution (for a misdemeanor conviction). When a trial court orders restitution, these two statutes refer to SDCL ch. 23A-28 as the governing statute.

Our elected representatives created a rather firm policy, via SDCL 23A-28-1, that transgressors of the criminal law should be made to pay (literally) for their nefarious activities to the extent that the convicted transgressor is reasonably able to accomplish. And by judicial edict. Note, specifically SDCL 23A-28-2.

In *Wolff,* this Court recognized that the restitution statutes provide for due process procedures. Per SDCL 23-28-3, the convicted felon or misdemeanant has a right to contest, factually, if the claimed damages arose out of the criminal activities.

Here, Rust was indeed granted a plenary hearing and the restitution assessed against her was in an amount (1) she admitted to have embezzled and (2) established by the evidence through an audit of the books. During the course of her employment, Rust systematically embezzled $221,881.01 by either (a) altering or (b) forging 854 checks between July 1, 1983, and June 27, 1990. Hard evidence, from a CPA and the owner of the business, completely impaled Rust. Trial court, per the above statutes, ordered that Rust, a bookkeeper and accountant for Rauen Equipment Company at Watertown, South Dakota, make restitution for exactly the proven amount

of the embezzlement. This was a whale of amount of money for this business to lose and she should not be permitted to wiggle out of the justness of the trial court's order and her plea bargain. And, yes, she is certainly entitled to due process.

It is quite important to note that Rust offered to make restitution during the time of the pre-sentence proceedings, which was obviously to gain more lenient treatment. *See, State v. Tuttle,* 460 N.W.2d 157, 160 (S.D.1990) for a holding on similar facts.

It should also be mentioned that the trial court entered findings of fact and conclusions of law in accordance with the sworn testimony. A decisional process was afforded through direct examination and cross-examination. Certainly her due process rights were not trampled upon. Throughout all of this plea bargaining, entering a plea of guilty, and restitutional hearing process, Rust was represented by a very able and experienced lawyer.

Part of the plea bargain was that the State would not "aggravate" through testimony; further, that the State agreed not to charge additional embezzlement counts, but, rather, would retain the right to inform the trial court about the *total amount Rust embezzled,* even though it exceeded the amount embezzled during the three months charged in the complaint. Rust, knowing this, pleaded guilty.

AMUNDSON, Justice (dissenting).

The record in this appeal clearly brings to light that the State did not discuss or incorporate into the plea agreement that restitution would be required for the uncharged crimes of embezzlement. In fact, it was just prior to the sentencing hearing, on October 31, 1990, when State informed Rust that State intended to seek full restitution for the entire amount of money alleged to have been embezzled over the seven-year period. Rust objected and the trial court noted same and ordered that a hearing be held on the restitution issue. At this restitution hearing, the trial judge explained:

THE COURT: This hearing, basically, is established for the purposes of determining the amount of restitution which should be ordered for the Defendant, Arlys Rust, to pay the victim in this matter. *I think before we get into the issues of amounts, that we have a very basic problem we need to resolve. And that is, whether the restitution should cover only the period alleged in the Information, or whether that restitution should cover a longer period, or during all of her employment.* And do you wish to be heard on that, Mr. Ellyson? (Emphasis added.)

After listening to the arguments of the state's attorney and Rust's attorney, the trial court stated:

THE COURT: Well, I suppose the Court might be able to take the easy way out in this situation and not order the Defendant to make the payment on the total amount, but rather, only the $10,000 approximate figure. Because the victims still have their rights, or the victims still have their rights in Civil Court to claim and to prove their damages. The Court is of the opinion that the Court did advise the Defendant at the time of her sentencing that restitution would be ordered. I'm not positive at this point without going back into the record to determine how explicit the Court was with reference to whether the restitution would be restricted to the three months in the Information, or whether that would be for total amount alleged to have been embezzled.

The trial judge then went with the court reporter into chambers and reviewed what was contained in the earlier transcripts. He did this without the attorneys present. He returned and explained:

THE COURT: The Court finds from the record that the Defendant did appear on September 19, 1990, represented by Ms. Oviatt; that she was advised at that time of her statutory rights and constitutional rights; and that subsequently she entered a plea of guilty to the offenses of— to the offense of Embezzlement; and subsequently, she was sentenced on the 31 day of October, 1990. At the time of sentencing, the record does show that

there was a lot of discussion in open court, between the Court and counsel, and with Mrs. Rust, concerning the possibility of restitution having to be made. And it appears to the Court, from the record, that Mrs. Rust and her counsel *should have known at that time, from the comments that were made, that the Court could and possibly would ask for restitution in the full amount of the money that was allegedly taken.* (Emphasis added.)

It is clear from the transcript excerpts quoted above that Rust was not aware that pleading guilty, pursuant to the plea agreement, was going to subject her to restitution in the amount of $221,000. This court recently addressed this problem and held:

[W]hen state intends to seek a substantial amount of restitution as part of a plea bargain, that fact must be conveyed to the defendant as a part of the bargain and articulated on the record to the trial court *before the defendant enters his plea.* (Emphasis added.)

*State v. Wilson,* 459 N.W.2d 457, 460 (S.D. 1990) (citing *State v. Wolff,* 438 N.W.2d 199 (S.D.1989)).

The restitution amount of $221,000 is substantial by anyone's standards. State did not inform Rust, or articulate in the plea bargain, that it intended to seek restitution for the entire amount of $221,000 until the sentencing hearing *after she had already pleaded guilty.* No artful rendition of the facts in this case can change the fact that, *when she pleaded guilty,* Rust was not aware State was going to seek restitution on all acts of embezzlement rather than just the charged crimes.

In *Wilson* and *Wolff,* we discussed at length the importance of upholding the expectations of the parties to a plea bargain. In these cases, we unequivocally explained that due process requires that criminal defendants be made aware of their potential sentences prior to entry of the plea, including restitution. It violates State's plea agreement which was obviously accepted by the trial court to impose substantial restitution without informing the criminal defendant of that position before pleading guilty. State dropped the ball in negotiating this plea and failing to articulate on the record the amount of restitution to be required under the agreement. State, under the record, should not have been allowed to request restitution beyond the three-month period contained in the charge filed by State.

I would reverse the trial court's award of restitution and remand for resentencing on this aspect of the case so that restitution is ordered in accordance with the parties' agreement; namely, for the charged crimes.

I am authorized to state that Justice WUEST joins in this dissent.