# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2495SI

_____

| | | |
|---|---|---|
| Rick Dwayne Nebinger, Sr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Southern District |
| John Ault, Warden, and Thomas | * | of Iowa. |
| Miller, Attorney General for the | * | |
| State of Iowa, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 13, 2000

Filed: March 31, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Rick Dwayne Nebinger, Sr., a prisoner in the custody of the State of Iowa. Mr. Nebinger is serving a life sentence for first-degree murder and a twenty-five-year sentence for first-degree robbery, the sentences to run concurrently. He argues that he is in custody in violation of the federal Constitution on two grounds: (1) that the State unfairly surprised him with footprint

evidence after his counsel had stated, in his opening statement to the jury, that there would be no physical evidence to link Mr. Nebinger with the inside of the house in which the murder was committed; and (2) that the trial court's decision to exclude evidence about the possible violent propensities of another person, a person Mr. Nebinger claimed in fact committed the crimes, was a violation of the Due Process Clause of the Fourteenth Amendment.

The District Court[1] denied the petition, but granted a certificate of appealability on the issues that we have listed. We affirm, substantially for the reasons given in the opinion of the District Court. We have only a few comments to add.

1. During his opening statement, counsel for the petitioner said that no physical evidence would be introduced to show that his client had ever been in the house in which the murder victim was killed. Shortly thereafter, the State produced evidence of a footprint that was said to be consistent with the print of the shoes that Mr. Nebinger was wearing on the night of the crime. The outline of this footprint had been found inside the house. Counsel moved for a mistrial, or for exclusion of the evidence. Counsel did not want a continuance, for good reasons that need not be detailed here. The trial court denied the mistrial and also declined to exclude the evidence, but did rule that the State would be restricted to presenting the evidence on rebuttal. Counsel for petitioner elected, for tactical reasons, which again need not be detailed, to allow the State, in view of this ruling, to use the evidence during its case in chief. It is now argued that trial counsel was unfairly surprised by the State's belated revelation of this physical evidence.

No misconduct or bad faith on the part of the State is suggested. The footprint had been sent to a laboratory for physical examination and testing. The testing had not

---

[1]The Hon. Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

been completed when the trial began. Defense counsel knew this. The State had told him that no test results had been received, and this was true. He was not told that there would be no further testing. In fact, the trial court found as a fact that counsel had been aware that tests were being run, and that there was a good chance that evidence might come in. This finding of fact is presumed to be correct on habeas, unless some legally sufficient reason to set it aside is shown, and that has not occurred.

We conclude that the State was not unfair to the defendant in this respect, and that his rights to due process of law were not violated. We observe, in addition, that the test results, when they did come in, did not positively identify the footprint, but stated only that the outline lifted from the house was consistent with the shoes that defendant had been wearing. It was still possible for counsel to argue, and he did argue, that there was no physical evidence positively placing his client in the house. Moreover, the State's case was very strong. Petitioner admitted the murder to two members of his family on the night the crime occurred.

2. Petitioner's theory of defense was that the crime had been committed by his companion, Christine Lockheart. Ms. Lockheart did not testify in petitioner's trial. The defense wanted to offer evidence of Ms. Lockheart's violent past actions, on the theory that this would show that she was capable of committing the crime alone. Acting under the Iowa equivalent of Fed. R. Evid. 404, the trial court refused to allow this evidence, stating that it would show only criminal propensities. Possibly this ruling could have gone the other way, but it was not error under Iowa law, a point that is not really our business, but, if it was erroneous in any sense, it was not such a crucial point as to involve the Due Process Clause of the Fourteenth Amendment. Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation. "[O]nly the exclusion of critical, *reliable* and highly probative evidence will violate due process." Sweet v. Delo, 125 F.3d 1144, 1158 (8th Cir. 1997), cert. denied, 523 U.S. 1010, 118 S. Ct. 1197 (1998) (citation omitted). We agree with the District Court that this exacting standard was not met here.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.