**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Delbert Allen WILSON, Defendant and Appellant.**

**No. 16851.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1990.

Decided Aug. 15, 1990.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief,

David R. Wurm, Office of the Public Defender, Rapid City, for defendant and appellant.

SABERS, Justice.

Delbert Allen Wilson (Wilson) appeals the restitution award in his sentence for third offense driving while under the influence of alcohol (DWI). We reverse the restitution portion of his sentence.

## FACTS

Wilson was arrested for DWI in Rapid City, South Dakota, on June 12, 1989, after the car he was driving (owned by another party) collided with the rear end of the third in a series of three vehicles stopped at an intersection waiting for a red traffic light. He was subsequently charged in an information with one count of driving while under the influence of alcohol (SDCL 32-23-1(2)) and an alternative count of driving with .10 percent or more of alcohol in his blood (SDCL 32-23-1(1)). Additionally, state filed a Part II Information charging Wilson with felony third offense DWI (SDCL 32-23-4).

Wilson was arraigned on July 3, 1989. The trial court advised him of his constitutional and statutory rights and of the maximum penalty he faced (i.e., two years in the penitentiary and/or a fine of $2,000) as required by SDCL 23A-7-4. However, the trial court did not mention the possibility that restitution could be imposed. Wilson

entered not guilty pleas to the alternative DWI counts and also denied the prior DWI offenses alleged in the Part II Information.

On August 4, 1989, Wilson changed his pleas pursuant to a plea bargain. Wilson's counsel outlined the terms of the bargain to the trial court. Wilson agreed to plead guilty to the driving while under the influence of alcohol count (SDCL 32-23-1(2)) and to admit the allegations of the Part II Information if state dismissed the alternative count of driving with .10 percent or more of alcohol in the blood (SDCL 32-23-1(1)) and certain additional traffic citations. State agreed that these were the terms of the plea bargain and said nothing concerning restitution as a part of the bargain.

After hearing the terms of the plea bargain, the trial court again informed Wilson of the maximum penalty he faced by pleading guilty (i.e., two years in the penitentiary and/or a fine of $2,000) but made no mention of restitution. The trial court did inform Wilson that it would not be bound by any sentencing recommendation. Wilson went forward and entered his pleas as outlined in the plea bargain and sentencing was set for a time after completion of a presentence investigation and report.

Wilson's sentencing took place on August 21, 1989. He was sentenced to two years in the penitentiary and a fine of $500. Additionally, restitution was ordered in the amount of $4,068.02 to reimburse State Farm Insurance Company, the insurer of the vehicle driven by Wilson, for the sums it paid out in connection with the accident. Wilson raised various objections to the restitution award during sentencing which were denied by the trial court.

After sentencing, Wilson filed a motion to amend the judgment to strike the restitution provision. During a hearing on the motion, the trial court again rejected Wilson's objections to the restitution award and proceeded to take evidence relating to the amount of restitution pursuant to SDCL 23A-28-3.* State presented the testimony of the driver of the vehicle rear

---

* SDCL 23A-28-3 provides in pertinent part:

   If the defendant contests the amount of restitution recommended by the court services of-

ficer, he is entitled to a hearing at which the court shall determine the amount.

ended by Wilson and the arresting officer concerning the circumstances of the accident and Wilson's inebriated condition at that time. Additionally, state presented the testimony of a claims adjuster for State Farm Insurance Company concerning the money it paid out for property damage to the vehicle rear ended by Wilson and to the car he was driving. The adjuster further testified that the owner of the vehicle Wilson was driving had to pay a $250 deductible on her policy to the shop that did the repair work on her car.

Wilson presented no evidence or testimony during the hearing. After the hearing, the trial court entered a written order amending the original restitution award in the judgment by increasing it $250 to account for the deductible paid by the owner of the car driven by Wilson. Wilson appeals.

## ISSUE

### WHETHER THE TRIAL COURT ERRED IN AWARDING RESTITUTION AS PART OF WILSON'S SENTENCE?

Wilson argues that the trial court erred in ordering him to pay restitution as a part of his sentence because it did not inform him of the possibility of restitution before he entered his pleas, because the restitution ordered does not pertain to the offense to which he pled guilty, and because the award violates the statutory boundary between civil and criminal litigation.

We find Wilson's contention concerning failure to mention restitution before he entered his pleas well taken and controlled by our decision in *State v. Wolff*, 438 N.W.2d 199 (S.D.1989). In *Wolff*, the defendant, acting pursuant to a plea bargain, pled guilty to one count of theft. In return, state dismissed certain non-sufficient funds (NSF) check charges. As in this case, nothing was said about restitution during the plea hearing. When Wolff was sentenced, however, he was ordered to pay some $15,000 in restitution relating to the NSF check charges. We reversed the order of restitution concluding that the award of a substantial amount of restitution without articulation of that possibility

in the plea bargain violates a defendant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article VI, § 2 of the South Dakota Constitution. Our rationale for this conclusion emphasized the defendant's sentencing expectations after articulation of the plea bargain. We reasoned that a substantial amount of restitution should be articulated in the plea bargain so that the accused can accept or reject a bargain containing that condition. We further reasoned that ordering a large amount of restitution without making it a part of the bargain materially alters the expectation of the parties. We concluded our analysis stating, "[h]ere, where the plea hearing contains no hint of restitution, and the court discussed only potential imprisonment terms and fines with Wolff, the restitution ordered is beyond the scope of Wolff's agreement." *Wolff*, 438 N.W.2d at 202.

State would distinguish *Wolff* on the basis that the restitution ordered in that case was related to offenses to which the defendant had not pled guilty. State argues that the requirement of mentioning restitution in the plea bargain should be limited to that situation. We disagree.

Our decision in *Wolff* was substantially premised on the Eighth Circuit Court of Appeals decision in *United States v. Runck*, 601 F.2d 968 (8th Cir.1979). Given our reliance on *Runck*, we find it notable that the decision makes no mention of whether the restitution ordered in that case included restitution for offenses to which the defendant had not pled guilty. That issue played no part in the Eighth Circuit's decision. Rather, the focus of the Eighth Circuit's attention was ordering a defendant to pay a substantial amount of restitution without a previous discussion of that possibility and an opportunity for the defendant to accept or reject a plea bargain containing that condition. These same elements were present in *Wolff* and exist in the instant case. Accordingly, we find the requirement of mentioning a substantial amount of restitution in the plea bargain applicable to this case.

In this instance, nothing was said in the plea bargain concerning restitution. Moreover, the trial court twice informed Wilson that the maximum penalty he faced was two years in the penitentiary and/or a fine of $2,000. Yet, after he pled guilty, he was sentenced to two years in the penitentiary plus a $500 fine plus $4,318.02 in restitution for a total indebtedness of $4,818.02. This was nearly $3,000 more than the maximum indebtedness Wilson was told he faced. Given his indigent status, we find that this was a "substantial" sum which should have been articulated in the plea bargain. As in *Wolff,* the imposition of this amount of restitution without mentioning it in the plea bargain materially altered Wilson's expectations and was beyond the scope of his agreement.

We remind trial courts of their responsibility under SDCL 23A–7–4(1) to inform a defendant pleading guilty or nolo contendere to a charge of the maximum possible penalty provided by law. Restitution is a portion of a defendant's punishment in any case in which it is imposed. SDCL 23A–27–25.2. Thus, when the possibility of imposing restitution exists in a case, the trial court must advise the defendant of that possibility before it accepts his guilty or nolo contendere plea. SDCL 23A–7–4(1). Moreover, when state intends to seek a substantial amount of restitution as a part of a plea bargain, that fact must be conveyed to the defendant as a part of the bargain and articulated on the record to the trial court before the defendant enters his plea. *Wolff, supra.* In this way, when restitution is ordered as a part of a sentence, the defendant cannot later contend that it was beyond the scope of his agreement or that it materially altered his sentencing expectations. In short, the defendant's due process rights are protected.

The record in the present case does not substantiate due process protection by informing Wilson of the restitution he faced. Accordingly, we reverse the trial court's order of restitution. Having reached this conclusion, we find it unnecessary to address the balance of Wilson's arguments on appeal.

MORGAN and HENDERSON, JJ., concur.

WUEST, C.J., and MILLER, J., concur in part and dissent in part.

MILLER, Justice (concurring in part and dissenting in part).

Although I agree with the holding of the majority, I would provide a different disposition. Rather than merely setting aside that part of the judgment providing restitution, I would, as requested by State in its brief, remand to the circuit court so that defendant could withdraw his plea. Restitution in this case is not inappropriate because, as clearly shown by the facts in the majority opinion, the damages were caused by defendant's actions.

I am authorized to state that Chief Justice WUEST joins in this concurrence in part and dissent in part.