2003 SD 90

**Winston G. BRAKEALL, Petitioner and Appellant,**

v.

**Douglas WEBER, Warden South Dakota State Penitentiary, Respondent and Appellee.**

**No. 22592.**

Supreme Court of South Dakota.

Considered on Briefs April 28, 2003.

Decided July 30, 2003.

---

Timothy J. Wilka, Sioux Falls, South Dakota, Attorney for petitioner and appellant.

John M. Strohman, Assistant Attorney General, Lawrence E. Long, Attorney General, Pierre, South Dakota, Attorneys for respondent and appellee.

GILBERTSON, Chief Justice

[¶ 1.] Winston Brakeall petitions this Court for a writ of habeas corpus alleging his guilty pleas for two counts of rape and two counts of sexual contact were not knowing and voluntary; his counsel was ineffective; and the preparation and introduction of the presentence investigation report violated his right to due process of law. The habeas court denied Brakeall's request for a writ of habeas corpus. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Brakeall pleaded guilty to one count of third degree rape, one count of first degree rape and two counts of sexual contact with a minor. Brakeall was sentenced to ten years for third degree rape, thirty years for first degree rape, and two ten year sentences for sexual contact with a minor. The sexual contact sentences were made to run consecutively. Brakeall did not exercise his right to direct appeal from these convictions.

[¶ 3.] Thereafter, attorney Carolyn Dick was appointed to represent Brakeall on habeas (habeas I). In that habeas proceeding, counsel raised the following issues:

Did an evaluation conducted as part of the presentence investigation report prepared by the victim's therapist violate Brakeall's right to due process?

Were Brakeall's due process rights violated when he was given no opportunity to review the pre-sentence investigation prior to sentencing?

Does the requirement that Brakeall participate in the STOP program violate his Fifth Amendment right against self incrimination?

Did Brakeall enter a knowing and intelligent plea when the trial court failed to advise him of the mandatory minimum sentences he was facing?

Was Brakeall's trial counsel ineffective when she failed to investigate and consider possible defenses and by failing to object to the presentence investigation?

[¶ 4.] The habeas court denied the application for a writ of habeas corpus and issued a certificate of probable cause. Attorney Dick was reappointed to represent Brakeall for the habeas appeal. She then filed a notice of appeal with this Court. That notice of appeal was one day late and

pursuant to SDCL 21–27–18.1 this Court dismissed the appeal.

[¶ 5.] The State did not dispute that attorney Dick's failure to timely file this notice of appeal was ineffective assistance of counsel. A second habeas corpus proceeding was then brought. The second habeas court issued a writ of habeas corpus directing that a certificate of probable cause be re-entered in Brakeall's first habeas case as a result of habeas counsel's ineffectiveness in failing to perfect his appeal. Brakeall was then granted a certificate of probable cause by the second habeas court.

## STANDARD OF REVIEW

[¶ 6.] The review of habeas decisions is "a collateral attack on a final judgment," and thus more restricted than ordinary appeals. *See Krebs v. Weber,* 2000 SD 40, ¶ 5, 608 N.W.2d 322, 324 (citations omitted) *overruled on other grounds by Jackson v. Weber,* 2001 SD 136, 637 N.W.2d 19. The recognized standard of review is to determine: "(1) whether the court has jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* We will not reverse the habeas court's findings unless they are clearly erroneous. *Id.* Therefore, if the habeas court was "right for any reason," we may affirm its ruling. *Id.*

## ANALYSIS

### ISSUE ONE

[¶ 7.] **Whether Brakeall entered a knowing and voluntary plea when the trial court failed to advise him of the mandatory minimum sentences.**

[¶ 8.] It is undisputed that the trial court failed to advise Brakeall of the mandatory minimums for the crimes in which he pled guilty. Brakeall contends this failure renders his plea unconstitutional thus entitling him to habeas relief. Both parties assert this Court's recent decision in *State v. Richards,* 2002 SD 18, 640 N.W.2d 480, is the controlling authority.

[¶ 9.] In *Richards,* this Court determined that the defendant was entitled to withdraw his guilty plea after the trial court failed to advise him of the statutory mandatory minimum as required by SDCL 23A–7–4 (Rule 11). *Id.* ¶ 15. That failure was deemed to constitute plain error requiring a reversal. *Id.* ¶ 6. Brakeall asserts that the same result is mandated here.

[¶ 10.] SDCL 23A–7–4(1) provides:

Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court, subject to the exception stated in 23A–7–5, and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered, *the mandatory minimum penalty provided by law,* if any, and the maximum possible penalty provided by law.

(emphasis added). "It is the trial court's responsibility to inform a defendant of the mandatory minimum penalty and the maximum penalty provided by law." *Id.* ¶ 7 (quoting *State v. Wilson,* 459 N.W.2d 457 (S.D.1990)). In reaching this result, the *Richards* court cited with approval North Dakota authority enunciating the following principles:

The failure to advise of the mandatory minimum sentence is more than a technical, harmless error and demonstrates a manifestation of injustice.

The trial court's express statement on the record of an applicable mandatory minimum sentence eliminates the inherent danger of misinterpreting whether the defendant's decision to plead guilty was made with full knowledge of the sentence which must be imposed as a result of that plea.

The interests of justice require that [the defendant] be allowed to withdraw his guilty plea.

*Id.* ¶¶ 13–14 (quoting *State v. Schumacher,* 452 N.W.2d 345 (N.D.1990)). Though the *Richards* decision involved a direct appeal case, Brakeall contends that the above cited authority indicates that the failure to advise of the mandatory minimum also constitutes constitutional error requiring a writ of habeas corpus to be issued. In response, the State cites footnote one of the *Richards* opinion to dispel this contention. That footnote states:

Regardless of what principal of law is applied in direct appeals, we hold that when a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief. In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

In *State v. Moeller,* 511 N.W.2d 803 (S.D.1994) the Court noted that failure to comply with SDCL ch 23A 7 does not rise to the level of a constitutional issue and is not proper for consideration of habeas corpus or similar collateral attack. *The failure to advise a defendant of a maximum sentence under SDCL 23A–7–4 is not a constitutional defect,*

*in and of itself does not smack of a miscarriage of justice, and does not give rise to an opportunity to launch a collateral attack on a predicate conviction.*

*Id.* n. 1 (emphasis added). This reasoning dispels Brakeall's contention that a failure to advise of a mandatory minimum entitles him to habeas relief. The asserted grounds for relief are not within the scope of habeas review.

■ [¶ 11.] Furthermore, even if habeas review were appropriate in order to collaterally attack his plea Brakeall is required to demonstrate prejudice resulting from the trial court's failure to comply with Rule 11. *See United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (holding collateral relief not available to defendant who shows only violation of formal requirements of Rule 11 and no prejudice). Here, not one but two habeas courts have found that Brakeall did not suffer prejudice as a result of the trial court's failure to advise of the mandatory minimums. The findings demonstrate that Brakeall was aware he faced a sentence in the double digits; Brakeall intended to plead guilty from the beginning of the case; and, based upon Brakeall's statements at sentencing and counsel's comments, the trial court's advisement of the mandatory minimum would not have made a difference in the decision to plead guilty. Those findings are not clearly erroneous on this record. As a result, Brakeall has not met his burden and the writ of habeas corpus relating to this issue was properly denied.

## ISSUE TWO

[¶ 12.] **Whether Brakeall's trial counsel was ineffective for failing to investigate.**

■ [¶ 13.] Initially, Brakeall argues that his first habeas counsel was ineffec-

tive for failing to present evidence that his trial counsel was ineffective. In this regard, he requests a remand for a hearing to address the facts surrounding trial counsel's performance.

[¶ 14.] In *Jackson*, 2001 SD 30, ¶ 17, 637 N.W.2d at 23, this Court determined that:

We recognize that if habeas counsel must meet the same competency standards as trial counsel, then more than one claim of ineffective assistance of counsel may be brought on occasion. However, ineffective assistance of counsel at a prior habeas proceeding is not alone enough for relief in a later habeas action. Any new effort must eventually be directed to error in the original trial or plea of guilty.

Brakeall directs his contentions against the effectiveness of trial counsel by arguing that his first habeas counsel failed to challenge trial counsel's representation. However, the record reveals that his first habeas counsel did indeed challenge trial counsel's investigation of the case. Therefore, pursuant to *Jackson*, this Court addresses habeas counsel's effectiveness only with the goal of proceeding directly to the issue of whether trial counsel was ineffective. Attorney Dick thoroughly examined trial counsel on this issue at the first habeas hearing. The initial habeas court then determined that trial counsel was effective. Subsequently, the second habeas court determined that first habeas counsel was effective in her representation at that first habeas hearing.[1] As a result, there are findings in the record as to the effectiveness of both attorneys. A remand is not required as these issues have been addressed below.

[¶ 15.] Ineffective assistance of counsel is a mixed question of fact and law upon which this Court can substitute its own judgment on whether counsel's representation was ineffective. *See Lykken v. Class*, 1997 SD 29, ¶ 6, 561 N.W.2d 302, 304. In determining whether a defendant suffered from ineffective assistance of counsel, this Court has adopted the two prong test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Those two prongs are: (1) whether trial counsel made errors that were so serious that she was not functioning as counsel guaranteed by the constitution; and, (2) whether those errors seriously prejudiced the defendant to the extent that they deprived him of a fair trial. "However, where there is no trial, as is the case here, the burden on the defendants to show ineffective assistance of counsel is increased. They must show not just deficient performance, but gross error by counsel in recommending that they plead guilty." *Coon v. Weber*, 2002 SD 48, ¶ 12, 644 N.W.2d 638, 643.

The standard of review is highly deferential. There is a strong presumption that counsel's performance falls within the wide range of professional assistance and the reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Bradley v. Weber*, 1999 SD 68, ¶ 19, 595 N.W.2d 615, 621.

---

1. The second habeas court determined that the first habeas counsel was ineffective solely for failing to timely file an appeal and therefore issued a certificate of probable cause as to those issues. Brakeall did not establish that first habeas counsel was ineffective at the first habeas hearing.

[¶ 16.] Recently, in *Randall v.Weber*, 2002 SD 149, 655 N.W.2d 92, this Court examined a habeas challenge to an attorney's investigation. Therein, we stated:

It is well settled that in reviewing trial counsel's performance, it is not this Court's function to second guess the decisions of experienced trial attorneys regarding matters of trial tactics unless the record shows that counsel failed to investigate and consider possible defenses and to exercise their good faith judgment thereon. The determination does not rest on whether this Court finds the tactics or strategy employed to be the most advantageous but, instead, whether counsel satisfied the *Strickland* standard of competence. In reviewing whether counsel acted reasonably we analyze counsel's performance in light of the circumstances then existing. Neither the result reached nor second guessing with the benefit of hindsight determine the reasonableness of counsel's performance.

While this court will not compare counsel's performance to that of some idealized "super-lawyer" and will respect the integrity of counsel's decision in choosing a particular strategy, these considerations must be balanced with the need to insure that counsel's performance was within the realm of competence required of members of the profession. An attorney must make a reasonable investigation and must make reasonable decisions to forego particular investigations. A difference in trial tactics does not amount to ineffective assistance of counsel.

*Id.* ¶ 7 (citations omitted).

[¶ 17.] To succeed Brakeall is required to establish that the failure to investigate caused him to plead guilty rather than go to trial and that discovery of the evidence would have led counsel to change the recommendation as to the plea. *Coon*, 2002 SD 48, ¶ 13, 644 N.W.2d at 643. The testimony, as elicited by first habeas counsel from trial counsel, revealed that Brakeall had read all the relevant police reports and then told trial counsel the reports concerning the sexual incidents were substantially accurate. Now, Brakeall asserts trial counsel was ineffective in not further investigating the children he admitted to assaulting. He also maintains counsel should have attempted to cast blame elsewhere through an alibi defense. However, given Brakeall's statements it was reasonable for trial counsel not to proceed with investigating an alibi defense or issues of past abuse concerning these children in an attempt to question their veracity. Instead, it was reasonable for counsel to concentrate her efforts on securing a plea agreement based on the then-existing circumstances.

## ISSUE THREE

[¶ 18.] **Whether the presentence investigation report violated Brakeall's right to due process of law.**

[¶ 19.] Brakeall alleges that the presentence investigation report violated his right to due process of law because it was prepared by the therapist of an alleged victim. However, Brakeall was not charged for any contact relating to this alleged victim. Furthermore, Brakeall did not object to the report. In fact, Brakeall's trial counsel testified that the report contained recommendations she viewed as favorable. Those favorable findings were that Brakeall would benefit from treatment, no other reports of any other incident existed and that Brakeall was not a pedophile. She relied on these findings when arguing at the sentencing hearing for a lesser sentence.

[¶ 20.] For relief on this due process claim Brakeall was required to establish

prejudice. *State v. Holiday*, 335 N.W.2d 332, 336 (S.D.1983). The habeas court found that there was no evidence that the report was inaccurate or in any way prejudicial. In fact, it found that there were a number of items that were very favorable to Brakeall. On these facts, Brakeall has not demonstrated what, if anything, contained in the presentence report· prejudiced him. Therefore, he has not established a due process violation.

### ISSUE FOUR

[¶ 21.] **Whether Brakeall's due process rights were violated when he was not given an opportunity to review and object to the presentence investigation report.**

[¶ 22.] Brakeall contends that his due process rights were violated when he was not given an opportunity to review the presentence report. Rather, Brakeall's attorney was given full access to the report. Counsel took notes when she reviewed the report and subsequently met with Brakeall to review those notes. SDCL 23A–27–7 provides:

> Before imposing sentence a court shall disclose ·the report of the presentence investigation to the defendant, the defendant's counsel, if represented by counsel, and the prosecuting attorney, but the court may exclude any recommendation as to ̇sentence, and other material that, in the opinion of the court, contains a diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if· disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant, the defendant's counsel, or the prosecuting attorney an opportunity to comment thereon and, in the discretion

of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

[¶ 23.] This Court has recognized that "questions of constitutional magnitude involving due process are reached when a prisoner is sentenced on the basis of assumptions concerning his criminal sentence which were materially untrue." *State v. Ellefson*, 287 N.W.2d 493, 496 (S.D.1980) *overruled on other grounds State v. Brammer*, 304 N.W.2d 111 (S.D. 1981). In *Ellefson*, there were errant facts concerning a defendant's record and the matter was remanded for a reconsideration of sentencing. *Id.* at 497. In so doing, this Court held that it was violative of defendant's right to due process to have his sentence based on inaccurate information. *Id.* However, this Court has not specifically addressed the disclosure re- ̇quirements of SDCL 23A–27–7.

[¶ 24.] Though not identical, the federal counterpart to SDCL 23A–27–7 (Rule 32(c)(3)(a)) provides that "before imposing sentence the Court must verify that the defendant ̇ and defendant's counsel have read and discussed the presentence report." FedRCrimPro 32(c)(3)(a). The legislative history to that rule indicates that it "was designed to permit disclosure of the PSI to both the defendant and his counsel, and to impose upon the sentencing court the additional obligation of determining that the defendant and his counsel have had the opportunity to read the presentence investigation report or summary thereof." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988) (citing *House Judiciary Committee Notes, H.R.Rep. No. 94–247, U.S.Code Cong. & Admin.News 1975*, p. 674 *reprinted in* 1987 Federal Criminal Codes and Rules 108). To fulfill the requirements of this rule, the sentencing court "must somehow determine that

defendant and counsel have had an opportunity to read and discuss the PSI." *Id;* *United States v. Mays,* 798 F.2d 78, 80 (3rd Cir.1986) (holding "the rule does not create an absolute requirement that the court personally ask the defendant if he has had the opportunity to read the report and discuss it with counsel. Instead, it appears that the drafters intended that the court need only somehow determine that the defendant has had this opportunity."). *But see United States v. Rone,* 743 F.2d 1169, 1172 (imposing an affirmative duty on trial court's to ascertain if defendant and counsel have discussed the report). Nevertheless, federal precedent interpreting this rule as not requiring an affirmative inquiry on the record also urges the trial court to make such an inquiry a regular part of the sentencing hearing to discourage non-meritous appeals. *See United States v. Mitchell,* 243 F.3d 953 (6th Cir.2001).

[¶ 25.] However, our rule does not require that the sentencing court *verify* that counsel and defendant have discussed and reviewed the report. Instead, SDCL 23A–27–7 requires *disclosure* of the report to the defendant *and* his counsel, if represented. In this situation, the report was not disclosed to defendant but only to his counsel. This contravenes the requirements of SDCL 23A–27–7.[2] As such, the inquiry turns to whether or not this error requires a remand for re-sentencing.

[¶ 26.] As mentioned in issue three, relief on the basis of an asserted

due process violation requires a showing of prejudice. *See also United States v. Esparza–Gonzalez,* 268 F.3d 272, 274 (5th Cir.2001) (determining that where no prejudice exists in a Rule 32 violation remanding for re-sentencing would require the "district court to undergo an exercise in futility in order to obtain the same sentence"). The record unequivocally establishes that Brakeall's counsel reviewed the presentence report, took notes and discussed it with him. Brakeall was also present during sentencing and heard counsel's arguments concerning the favorable findings in the presentence report. Brakeall was then given an opportunity to address the court and did not dispute anything that was said concerning the presentence report. Significantly, Brakeall does not contend that anything in the presentence report was inaccurate. Furthermore, he does not indicate what if any additional matters he would have raised at sentencing if he had seen the report. *See United States v. Prado,* 204 F.3d 843, 845 (8th Cir.2000) (no prejudice shown for Rule 32 violation). Neither Brakeall nor his counsel objected to the presentence report or indicated to the trial court any errors contained therein. *See State v. Nesbitt,* 264 Neb. 612, 650 N.W.2d 766, 796 (2002) (holding defendant waived his qualified right to review presentence report by failing to object). Therefore, there is no showing of prejudice on these facts that would require a remand for re-sentencing.[3]

---

**2.** Under the federal rule it is undisputed that simply providing the report to counsel is not enough to meet the requirements of FedRCrimPro 32. *Federal Practice and Procedure, Wright,* § 524 n. 42 (2002 supplement). The Wisconsin Court of Appeals has also held that it is in contravention of Rule 32 to withhold the report simply because it was disclosed to defense counsel. *State v. Skaff,* 152

Wis.2d 48, 447 N.W.2d 84, 88 (App.1989). This determination is supported by the rationale that "if incorrect or incomplete, no person is in a better position than [defendant] to refute, explain, or supplement the PSI." *Id.*

**3.** We take this opportunity to indicate that it is advisable for the trial courts to make a finding on the record that the presentence report has been disclosed to the defendant to

[¶ 27.] The denial of the writ of habeas corpus is affirmed.

[¶ 28.] KONENKAMP and ZINTER, Justices, concur.

[¶ 29.] SABERS, Justice, dissents.

[¶ 30.] MEIERHENRY, Justice, disqualified.

SABERS, Justice (dissenting).

[¶ 31.] I dissent on Issue 1 and would not reach Issues 2 through 4.

[¶ 32.] The failure of the trial court at sentencing to advise Brakeall of the minimum and maximum sentence prevents a knowing, intelligent and voluntary plea and is reversible error.

[¶ 33.] The majority opinion provides mere lip service to the language cited with approval in State v. Richards, as follows:

The failure to advise of the mandatory minimum sentence is more than a technical, harmless error and demonstrates a manifestation of injustice.

The trial court's express statement on the record of an applicable mandatory minimum sentence eliminates the inherent danger of misinterpreting whether the defendant's decision to plead guilty was made with full knowledge of the sentence which must be imposed as a result of that plea.

The interests of justice require that [the defendant] be allowed to withdraw his guilty plea.

Richards, 2002 SD 18, ¶¶ 12–14, 640 N.W.2d at 483 (quoting State v. Schumacher, 452 N.W.2d 345 (N.D.1990)) (internal citations omitted).

[¶ 34.] The majority opinion then proceeds to ignore Richards because it involved a direct appeal rather than a habeas corpus action, on the claimed basis that the violation is not a constitutional defect. By relying on a footnote in Richards to come to its conclusion that the law of that case does not apply here, the majority opinion ignores the actual text of the opinion. As noted in Richards, "[t]he importance of advising a defendant of the minimum penalty cannot be denied since a mandatory minimum penalty is an absolute while a maximum penalty is only a possibility." Richards, 2002 SD 18, ¶ 11, 640 N.W.2d at 482. It is important to recognize that the footnote relied upon by the majority opinion deals specifically with mandatory maximum, rather than minimum penalties. The majority opinion's assertion that failure to advise Brakeall of the mandatory minimum does not amount to constitutional error also ignores the law clearly expressed in South Dakota statutes.

[¶ 35.] SDCL 21–27–16(3) specifically provides:

Causes for discharge of applicant committed on judicial process. If it appears on the return of a writ of habeas corpus that the applicant is in custody by virtue of process from any court legally constituted, he can be discharged only for one or more of the following causes:

(3) where the process is defective in some substantial form required by law;

(emphasis supplied).

[¶ 36.] SDCL 23A–7–4(1) provides:

Before accepting a plea of guilty or nolo contendere, a court must address the defendant personally in open court ... and inform him of, and determine that he understands the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law,

ensure the requirements of SDCL 23A–27–7 have been met before imposing sentence.

and the maximum possible penalty provided by law.

(emphasis supplied). "It is the trial court's responsibility to inform a defendant of the mandatory minimum penalty and the maximum penalty provided by law." *Richards,* 2002 SD 18, ¶ 7, 640 N.W.2d at 482 (citing *State v. Wilson,* 459 N.W.2d 457 (S.D.1990)).

[¶ 37.] Citing *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the majority opinion asserts that Brakeall is required to show prejudice before he is entitled to relief. However, that assertion was not accepted by the majority opinion in *Richards,* which held that the defendant was entitled to withdraw his plea despite the fact that the mandatory minimum sentence was discussed at his sentencing hearing in his presence. *Richards,* 2002 SD 18, ¶¶ 20–23, 640 N.W.2d at 484. This Court should uphold its own precedent as provided in *Richards.*

[¶ 38.] In the context of habeas corpus, jurisdictional error is given an expansive construction. Due process violations, compliance with substantive statutory procedures and personal and subject matter jurisdiction are all subject to challenge in habeas corpus proceedings. *Security Sav. Bank v. Mueller,* 308 N.W.2d 761, 762 (S.D.1981) (additional citations omitted).

[¶ 39.] Here, "the process is defective *in some substantial form required by law"* and we have no choice but to reverse and issue a writ of habeas corpus to allow Brakeall to withdraw his plea.