**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0114n.06

No. 08-3810

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 17, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| TRACY BUSCH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  GILMAN and GRIFFIN, Circuit Judges; and COLLIER, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Tracy Busch appeals the district court's dismissal of his 28 U.S.C. § 2255 petition to set aside his sentence.  We affirm.

I.

Busch was charged with being a felon-in-possession of a firearm and ammunition, and possession of ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1).  Without a hearing or objection, Busch wore a stun belt attached to his leg during his trial.  Busch did not testify at trial, and no reference to the stun belt exists in the trial record.

At the conclusion of the trial, Busch was convicted of both counts and sentenced to 300 months of imprisonment. He appealed, and we affirmed.  *See United States v. Busch*, No. 06-3229

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

(6th Cir. June 6, 2007). Subsequently, Busch filed a pro se petition to set aside his sentence pursuant to 28 U.S.C. § 2255, claiming in conclusory terms and without any evidentiary support that the stun belt affected his ability to assist in his own defense and prejudiced him in front of the jury. He further argued that the district court committed error requiring reversal by failing to hold a hearing and make findings regarding the need for the stun belt, and that his trial and appellate counsel were ineffective in failing to contest the issue.

The district court denied Busch's § 2255 petition and his request for a certificate of appealability, ruling that he failed to demonstrate prejudice regarding his wearing of the stun belt and that defense counsel was objectively reasonable in not contesting the belt's use. We subsequently granted a certificate of appealability on the issues of: (1) whether the district court abused its discretion by failing to hold a hearing and make findings of fact regarding the need for the stun belt and, if so, whether the error was harmless; and (2) whether counsel provided ineffective assistance in failing to raise the issue.

II.

Pursuant to 28 U.S.C. § 2255, Busch is entitled to relief only if his conviction "was tainted by an error of constitutional magnitude." *Valentine v. United States*, 488 F.3d 325, 331 (6th Cir. 2007) (citation and internal quotation marks omitted). "We review the denial of a section 2255 motion *de novo*." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

III.

Busch argues that "the district court erred in failing to hold a hearing before [he] was required to wear a stunbelt" in violation of his right to a fair trial under the Fifth and Sixth Amendments; that the alleged error was "not harmless" because "[t]he record did not establish a basis for requiring [him] to wear the stunbelt"; that his trial and appellate counsel were constitutionally ineffective in failing to raise the stun belt-issue; and that "at a minimum, a hearing is necessary to assess potential prejudice." Busch also argues that, even though he did not raise his fair-trial claims at trial or on direct appeal, those claims are not procedurally defaulted because the government failed to raise the issue of procedural bar before the district court or, alternatively, because he has satisfied the "cause and prejudice" standard through his counsels' constitutionally ineffective "failure to contest use of the stunbelt, at trial and on appeal." We address these arguments, in turn, below.

A.

The threshold question in this case is whether Busch's Fifth and Sixth Amendment claims are procedurally defaulted. When a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either "cause" and actual "prejudice" or that he is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005). Here, Busch argues that "[h]aving failed to raise the procedural default as a defense below, the Government is not entitled to assert it here." (Defendant's Br., p. 37) (citing *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004) (holding that "[p]rocedural default is a defense that the [Government] is obligated to raise and

preserve if it is not to lose the right to assert the defense thereafter") (quotation marks and alteration omitted).[2] However, a waiver by the state does not prevent us from considering the issue, since we "may consider a newly-raised default argument, if [we] so wish[]." *Sowell*, 372 F.3d at 830 (citing *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) ("While procedural default is not a jurisdictional bar to review of such a claim, and the Government's failure to raise the default may operate as a forfeiture of its right to defend on that ground, we nonetheless may raise these issues *sua sponte*.")).

Because in this case we choose to exercise our discretion, the question is whether Busch is correct that he has satisfied the "cause and prejudice" standard on account of his trial and appellate counsels' failure to raise the stun-belt issue. An error by counsel may, of course, satisfy the cause and prejudice standard and thereby excuse a defendant's procedural default. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010); *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005); *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993); *see also Murray*, 477 U.S. at 492. But for this to happen, counsel must have been constitutionally deficient under *Strickland v.*

---

[2]To be sure, *Sowell* was a pre-AEDPA case and, as Judge Rogers pointed out in his dissent in *Garner v. Mitchell*, 502 F.3d 394, 422 (6th Cir. 2007) (Rogers, J., dissenting), *vacated by Garner v. Mitchell*, 557 F.3d 257 (6th Cir. 2009) (en banc), "it is not clear whether, under AEDPA, a state can forfeit a procedural default defense based on failure to exhaust a remedy no longer available, absent an express waiver." This is because, in cases to which AEDPA applies, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). *See also Banks v. Dretke*, 540 U.S. 668, 705 (2004) (explaining that "under pre-AEDPA law, exhaustion and procedural default defenses could be waived based on the State's litigation conduct," but that "AEDPA forbids a finding that exhaustion has been waived unless the State expressly waives the requirement").

*Washington*, 466 U.S. 668, 687-88 (1984); otherwise, there would be no "actual prejudice" from counsel's mistake. *See Murray*, 477 U.S. at 492 (explaining that an "[a]ttorney error does not constitute sufficient cause to excuse procedural default, unless that error rises to the level of a constitutional violation") (citation and internal quotation marks omitted). We will therefore consider Busch's Fifth and Sixth Amendment claims only if his claims of constitutionally ineffective assistance of counsel have merit.

B.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In other words, a habeas petitioner must demonstrate two elements to prevail on a claim of ineffective assistance of counsel: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. *Id.* at 688, 694. Because both prongs must be satisfied to establish ineffective assistance, if a petitioner cannot satisfy one prong, the other need not be considered. *Id.* at 697; *see also Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001) (explaining that "*Strickland* specifically holds that the

two prongs of its test need not be applied in order or in totality"). This case begins and ends with the prejudice prong.

To establish *Strickland* prejudice, Busch must show that, because of his trial counsel's error, his "trial cannot be relied on as having produced a just result," *Strickland*, 466 U.S. at 686, or that there is a "reasonable probability" that his appellate counsel's proper inclusion of the stun-belt issue on appeal "would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (citation omitted). Busch claims that he has shown that his counsels' errors were prejudicial because he has alleged that he "was not able to concentrate on the trial proceedings at all due to fear of being electrocuted," and because he has introduced evidence that some jurors have noticed stun belts as bulges underneath shirts and coats in other cases and that at least one manufacturer of stun belts has recognized that the belts are bulky and thus obvious to observers who are familiar with stun belts. Busch also contends that "if [he] was in fact prejudiced by the use of the stunbelt, then he was necessarily prejudiced by his counsel's ineffectiveness in failing to contest the stunbelt's use," and "if counsel's failure to object at trial would otherwise subject [him] to the more demanding standard of review for plain error, that too would amount to prejudice from counsel's failure to object at trial."

Busch has failed to show that his trial counsel's failure to raise the stun-belt issue was "so serious as to deprive [him] of a fair trial, a trial whose result is reliable," or that it is reasonably probable that the result would have been different. *Strickland*, 466 U.S. at 687. First, his nebulous allegation of anxiety caused by the stun belt is inherently incredible because it lacks any specificity

and is belied by his demonstrated ability to communicate with the trial judge while wearing the stun

belt. *Cf. United States v. Miller*, 531 F.3d 340, 347 (6th Cir. 2008) (discussing defendant's

contention that the stun belt "stifled [his] ability to communicate with his counsel due to the threat

of being electrocuted," which was "contradict[ed]" by the evidence). Second, Busch's contention

that we should presume that he was prejudiced under *Deck v. Missouri*, 544 U.S. 622 (2005),

because the stun belt was allegedly visible to the jury is not supported by the record. Here, the

district court found that "there is no evidence that the jury was even aware of the stun belt." Finally,

Busch's reliance upon other cases where stun belts were visible as bulges under a sweater, a coat,

and on a defendant's back,[3] as well as his quotation of a manufacturer's statement, are not probative

of whether the stun belt was visible in this case. Instead, Busch's stun belt was not under his shirt

or his coat; it was attached to his leg. Further, he did not testify at trial. Accordingly, we agree with

the district court that Busch has not shown that he was prejudiced by his trial counsel's failure to

object to the use of the stun belt.[4]

---

[3]Of course, there is also significant authority suggesting that stun belts are *not* generally visible to jurors. *See Earhart v. Konteh*, 589 F.3d 337, 349 (6th Cir. 2009) (explaining that the "trial judge was unaware Earhart was wearing the belt until Earhart specifically brought it to his attention . . . [and concluding that] [i]f an experienced trial judge could not tell that Earhart was wearing a stun belt underneath his clothes, the members of the jury are highly unlikely to have detected it either."); *see also Stevens v. McBride*, 489 F.3d 883, 899 (7th Cir. 2007) (explaining that the use of a stun belt, as opposed to other forms of restraint, "'minimize[s] the risk of prejudice' because it is hidden beneath a defendant's clothing") (quotation omitted); *United States v. McKissick*, 204 F.3d 1282, 1299 (10th Cir. 2000) (noting that defense counsel did not notice stun belts where they were underneath defendants' clothes and judge also concluded that the belts were "not visible").

[4]Busch's suggestion, that "if counsel's failure to object at trial would otherwise subject [him] to the more demanding standard of review for plain error, that too would amount to prejudice from

Busch's claim that his appellate counsel's failure to raise the stun-belt issue was prejudicial

fails for much the same reason. Because "[c]ounsel's failure to raise an issue on appeal could only

be ineffective assistance if there is a reasonable probability that inclusion of the issue would have

changed the result of the appeal," *McFarland*, 356 F.3d at 699 (citation omitted), the question is

"whether there is a reasonable probability that the claim would have prevailed at the time counsel

failed to raise it." *Id.* There is no such reasonable probability here. As we made clear in *Miller*, if

Busch's counsel had raised the stun-belt issue on direct appeal, the claim would have been subject

to plain-error review. *Miller*, 531 F.3d at 346. Under a plain-error analysis, Busch would have had

to show: "(1) error (2) that was obvious or clear (3) that affected defendant's substantial rights and

(4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United

States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Busch could not have satisfied this

standard because, again, he has not presented evidence that the stun belt was visible to the jury, and

"we will not assume without evidence that [it was]." *Miller*, 531 F.3d at 347 (citations omitted); *see,

e.g., United States v. Perry*, Nos. 08-6219, 08-6220, 2010 WL 4569866, at *8 (6th Cir. Nov. 4, 2010)

(unpublished). Busch therefore has not demonstrated that his appellate counsel's failure to raise the

stun-belt issue was prejudicial.

Finally, Busch contends that he is entitled to a hearing on the question of prejudice because

his "'burden to show his right to a hearing is significantly lower than his burden to show he is

---

counsel's failure to object at trial," is off the mark. Under *Strickland*, we determine prejudice by
asking whether trial counsel's error undermined confidence in the outcome of the trial, not by asking
whether trial counsel's error resulted in an unfavorable standard of review on appeal.

entitled to § 2255 relief.'" (Defendant's Br., p. 20) (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)). We disagree. Although Busch derides the government's argument that he has to show prejudice to get a hearing to show prejudice as "circular," we explained in *Washington v. Renico*, 455 F.3d 722 (6th Cir. 2006), that Busch's argument that "he cannot demonstrate prejudice because he has not received an evidentiary hearing to determine what prejudice exists" is itself "circular" and "'would entitle every habeas defendant to an evidentiary hearing on any issue.'" *Id.* at 733 (quoting *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Thus, a habeas petitioner must present "some" evidence that shows that he could reasonably be entitled to relief. *Bowling*, 344 F.3d at 512; *Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) ("A hearing is for the petitioner who has already amassed enough evidence to entitle him to relief, if that evidence is proven true, and who now needs a hearing to prove that his evidence will indeed withstand scrutiny."); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.") (citation and internal quotation marks omitted). Busch, for the reasons explained above, has not carried this burden.

IV.

We affirm the judgment of the district court.