#29201-aff-PJD
**2022 S.D. 4**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

RONALD LEE NEELS,                                    Petitioner and Appellant,

   v.

BOB DOOLEY, Warden,
Mike Durfee State Prison, and any
Successor/Predecessor in Interest,                   Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

* * * *

MARK KADI of
Minnehaha County Office
   of the Public Advocate
Sioux Falls, South Dakota                  Attorneys for petitioner
                                           and appellant.


JASON R. RAVNSBORG
Attorney General

MATTHEW W. TEMPLAR
Assistant Attorney General
Pierre, South Dakota                       Attorneys for respondent
                                           and appellee.

* * * *

CONSIDERED ON BRIEFS
AUGUST 24, 2020
OPINION FILED **01/19/22**

#29201

DEVANEY, Justice

[¶1.] Ronald Lee Neels applied for habeas corpus relief alleging ineffective assistance of counsel arising out of his convictions on multiple counts of rape, attempted rape, sexual contact, and incest. The habeas court granted the State summary judgment, concluding that Neels was barred from establishing prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) because this Court summarily denied Neels relief on direct appeal for the same issues underlying his ineffective assistance of counsel claims. Although the court dismissed Neels's habeas application, it issued a certificate of probable cause. Neels appeals, and we affirm.

## Factual and Procedural Background

[¶2.] In 1994, Neels married T.N.'s mother when T.N. was just two years old, and a year later he adopted her. At first T.N. and Neels had a normal father-daughter relationship. However, their relationship changed in 2000 when Neels began sexually abusing her. The abuse continued into T.N.'s adulthood. Eventually, in 2014, when she was twenty-two years old, she told her work supervisor about her sexual relationship with Neels. The supervisor later reported it to law enforcement and an investigation ensued. Neels admitted to law enforcement that he had a sexual relationship with T.N. when she was ten years old; that he had performed oral sex on her when she was fourteen or fifteen years old; and that he had sexual intercourse with her three or four times before she turned sixteen years old and a half a dozen times when she was between sixteen and eighteen.

[¶3.] The State charged Neels by indictment with sixteen sex offenses, including multiple counts of first-degree rape, third-degree rape, attempted third-degree rape, sexual contact with an underage person, aggravated incest, and incest. The indictment did not specify particular acts to support each count, but each count contained a date range as to when the corresponding charged acts allegedly occurred.

[¶4.] At the commencement of trial, the State dismissed the first two counts charging first-degree rape. The remaining fourteen counts were renumbered and submitted to the jury. During the State's opening statement, the prosecutor invited the jurors to place themselves in the shoes of the victim and to imagine being sexually assaulted by their father. Neels's trial counsel did not object to these statements. At the close of the evidence, neither the defense nor the State requested a unanimity instruction.

[¶5.] The jury convicted Neels on all fourteen counts, and in 2016, Neels appealed his convictions to this Court asserting multiple issues. Relevant here, he alleged that his due process right to jury unanimity was denied because the indictment was duplicitous, the court did not give a unanimity instruction, and the State did not elect particular acts to support each count. He also asserted that the prosecutor's remarks during opening statement flagrantly inflamed the passions and prejudices of the jurors such that he was denied a fair trial.[1] Neels

---

1. While not at issue in his habeas proceeding, Neels also alleged, on direct appeal, that the circuit court abused its discretion in admitting other acts testimony regarding physical violence by Neels against T.N. and that cumulative errors at trial denied him of his right to a fair trial.

acknowledged that his trial counsel did not preserve either error for review; thus, he requested that this Court grant relief under plain error review.

[¶6.] In response, the State asserted that the indictment was not duplicitous because T.N. testified to specific acts of sexual abuse that occurred over a twelve-year period and corresponded to each count in the indictment. The State further highlighted the fact that the circuit court had instructed the jury to separately consider each count and the evidence that applies to each count before returning a unanimous verdict. The State additionally argued that, similar to the defendant in *State v. Muhm*, Neels failed to show he was prejudiced by the lack of a unanimity instruction. *See* 2009 S.D. 100, ¶ 34, 775 N.W.2d 508, 520 (denying relief on appeal because "the record indicate[s] the jury resolved the basic credibility dispute against defendant and would have convicted the defendant of any of the various offenses shown by the evidence to have been committed" (citation omitted)). This Court summarily affirmed Neels's convictions in 2017.

[¶7.] In 2018, Neels filed an amended application for a writ of habeas corpus alleging that his rights to due process and effective assistance of counsel were violated based upon two grounds: (1) trial counsel's failure to object to the prosecution's opening statement that invited the jurors to step into the shoes of the victim; and (2) trial counsel's failure to request a jury instruction on unanimity. After the habeas court entered a provisional writ of habeas corpus, the State filed a motion for summary judgment arguing that Neels's claims were precluded under the doctrine of res judicata because this Court summarily affirmed Neels's convictions on direct appeal. Neels objected, asserting that res judicata did not

apply because the prejudice inquiry under plain error review is not the same as the prejudice inquiry under the ineffective assistance of counsel analysis. Neels further alleged that he was prejudiced by his trial counsel's failures because his appellate counsel was left with the "more onerous burden to establish plain error on appeal which compromised the effect of the error for evaluation by the South Dakota Supreme Court[.]" He submitted affidavits from his two trial attorneys stating that the failure to object to the prosecutor's opening statement and the failure to propose a unanimity instruction were not decisions made as part of a trial strategy.

[¶8.]     The habeas court took judicial notice of the underlying criminal file, considered the affidavits from Neels's trial and appellate counsel, and considered the language contained in this Court's summary affirmance. The court noted, in regard to the prosecutor's opening statement, that because this Court's summary order referred to the statement as improper but then specifically ruled it did not result in a due process violation, Neels could not establish a constitutional violation of his right to effective assistance of counsel on habeas. The habeas court further concluded that the plain error standard of review encompasses the same prejudice inquiry required under *Strickland* for an ineffective assistance of counsel claim. Therefore, the court determined that this Court's denial of relief on direct appeal on both the improper argument and lack of a unanimity instruction barred further consideration of these claims on habeas under the doctrine of res judicata.

[¶9.]     Although the habeas court dismissed Neels's amended application for a writ of habeas corpus, it issued a certificate of probable cause identifying the

following two appealable issues arising from the court's determination that res judicata barred Neels's claims for habeas relief:

> 1. Whether under the circumstances of this case, and where prejudice from plain error was held not present on direct appeal, the petitioner is precluded from demonstrating prejudice for *Strickland* purposes in a subsequent habeas corpus proceeding.
>
> 2. Whether genuine issues of material fact exist in this case which preclude imposition of summary judgment in favor of the State as a matter of law.

## Standard of Review

[¶10.]    "A habeas corpus applicant has the initial burden of proof to establish a colorable claim for relief." *Jenner v. Dooley*, 1999 S.D. 20, ¶ 11, 590 N.W.2d 463, 468. However, "[h]abeas corpus is not a substitute for direct review." *Loop v. Class*, 1996 S.D. 107, ¶ 11, 554 N.W.2d 189, 191 (citation omitted). Rather, "[h]abeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* (citation omitted). Ordinarily, we review a habeas court's findings of fact for clear error, *see Jenner*, 1999 S.D. 20, ¶ 11, 590 N.W.2d at 468, but here the habeas court granted the State's motion for summary judgment as a matter of law. Therefore, our review is de novo. *See Reutter v. Meierhenry*, 405 N.W.2d 627, 630 (S.D. 1987) (recognizing that the rules governing summary judgment apply in habeas proceedings).

## Analysis and Decision

> ***1.      Whether under the circumstances of this case, and
> where prejudice from plain error was held not
> present on direct appeal, the petitioner is precluded
> from demonstrating prejudice for Strickland
> purposes in a subsequent habeas corpus proceeding.***

[¶11.]      Neels initially challenges the habeas court's determination that because this Court had denied him relief on direct appeal under plain error review for the same alleged errors underlying his ineffective assistance of counsel claims, res judicata precludes consideration of these claims on habeas.  It is well settled that "[a] habeas court cannot [ ] review issues previously decided by this Court on direct appeal." *Lodermeier v. Class*, 1996 S.D. 134, ¶ 24, 555 N.W.2d 618, 626.  This is because "[t]he doctrine of res judicata disallows reconsidering an issue that was actually litigated or that could have been raised and decided in a prior action." *Legrand v. Weber*, 2014 S.D. 71, ¶ 28, 855 N.W.2d 121, 129 (quoting *Ramos v. Weber*, 2000 S.D. 111, ¶ 8, 616 N.W.2d 88, 91).

[¶12.]      According to Neels, res judicata does not apply here because this Court did not, on direct appeal, decide the prejudice question he presents in his habeas petition, i.e., whether trial counsel's failure to preserve issues at trial prejudiced his substantial rights because the errors he alleged were subjected to a more onerous standard of review on direct appeal.  While this Court did not examine on direct appeal the precise argument Neels is making here, his ineffective assistance of counsel claim and corresponding request for a new trial based upon such an argument is untenable.

[¶13.]     Under *Strickland*, "the ultimate focus of inquiry must be on the fundamental fairness of the *proceeding whose result is being challenged*." 466 U.S. at 696, 104 S. Ct. at 2069 (emphasis added). "[T]he court should be concerned with whether, despite the strong presumption of reliability, the *result of the particular proceeding* is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Id.* (emphasis added). As the Eleventh Circuit Court of Appeals explained, "The Supreme Court in *Strickland* told us that when the claimed error of counsel occurred at the guilt stage of a trial (instead of on appeal) we are to gauge prejudice against the outcome of the trial: whether there is a reasonable probability of a different result at trial, not on appeal." *Purvis v. Crosby*, 451 F.3d 734, 739 (11th Cir. 2006). Thus, the controlling inquiry under *Strickland* is whether the error on the part of trial counsel "undermined confidence in the outcome of the trial," and not "whether trial counsel's error resulted in an unfavorable standard of review on appeal." *See United States v. Busch*, 411 Fed. Appx. 872, 877 n.4 (6th Cir. 2011).

[¶14.]     Nevertheless, Neels further asserts that res judicata does not apply on habeas because this Court's plain error review on direct appeal focused on the alleged errors *by the prosecutor* and *the trial court*, whereas the habeas court's review under *Strickland* would focus on errors *by trial counsel*. Neels is correct in his recognition that there is a difference between plain error review and an analysis of an ineffective assistance of counsel claim. As this Court explained in *State v. Wilson*:

> Plain error review by appellate courts is used "to correct only particularly egregious errors" by a trial court. By comparison,

> the ineffective assistance inquiry . . . does not involve the correction of an error by the district court, but focuses more broadly on the duty of counsel to raise critical issues for that court's consideration.

2020 S.D. 41, ¶ 28, 947 N.W.2d 131, 139 (quoting *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017)). However, that difference does not resolve the more pertinent question: whether the *prejudice* inquiry attendant to plain error review is the same prejudice inquiry applied to a claim of ineffective assistance of counsel, such that a failure to prove prejudice on plain error review precludes a petitioner from demonstrating prejudice for purposes of *Strickland* on habeas for the same underlying trial errors.[2]

[¶15.] This Court has not before examined the interplay between the required showing of prejudice under *Strickland* and that which must be shown under plain error review. However, a review of the United States Supreme Court's treatment of the two prejudice inquiries reveals that the showing of prejudice under *Strickland* is the same as that required to establish prejudice under plain error review. Under

---

2. The State contends that this case is controlled by *Steichen v. Weber* (*Steichen II*), 2009 S.D. 4, ¶ 7, 760 N.W.2d 381, 387. In particular, the State focuses on the language in *Steichen II* that a petitioner's burden on habeas "is much greater than that required on direct appeal and is even greater than the showing of plain error on direct appeal." *Id.* (quoting *Loop*, 1996 S.D. 107, ¶ 23, 554 N.W.2d at 193 (discussing whether an evidentiary question rises to the level of a constitutional violation)). This quoted language from *Steichen II* did not address an ineffective assistance of counsel claim. Rather, it explained the petitioner's burden of establishing a violation of due process on habeas related to the circuit court's admission of other acts evidence offered by the State. *See id.* Although *Steichen II* also involved a claim of ineffective assistance of counsel, the claim related to matters not at issue on direct appeal. *See id.* ¶ 22, 760 N.W.2d at 392. *Steichen II* did not address the question raised here—whether a prejudice inquiry on plain error review is the same as a prejudice inquiry under *Strickland*.

*Strickland*, the United States Supreme Court held that prejudice requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* To establish prejudice under plain error review, which requires a showing that the error affected the defendant's substantial rights, the United States Supreme Court explained that an effect on substantial rights "in most cases . . . means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777–78, 123 L. Ed. 2d 508 (1993).

[¶16.]     The United States Supreme Court later held that except for "certain structural errors undermining the fairness of a criminal proceeding as a whole," the showing of prejudice required to establish an effect on substantial rights is the same as that required in other contexts where the burden of demonstrating prejudice is on the defendant seeking relief and requires a showing of a prejudicial effect on the outcome of the proceeding.[3] *United States v. Dominguez Benitez*, 542 U.S. 74, 81–82, 124 S. Ct. 2333, 2339, 159 L. Ed. 2d 157 (2004). After so concluding, the Court applied the same prejudice inquiry on plain error review as that employed in

---

3.    Other courts have likewise determined that "[t]he standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis." *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005); *see also Close v. United States*, 679 F.3d 714, 720 (8th Cir. 2012); *Gordon v. United States*, 518 F.3d 1291, 1300 (11th Cir. 2008); *United States v. Feldman*, 793 Fed. Appx. 170, 173 n.2 (4th Cir. 2019) (noting that although plain error review and review of an ineffective assistance claim are not the same, the two overlap on the prejudice inquiry).

*Strickland*—"a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *Id.* (alteration in original) (citation omitted); *see also Geer v. United States*, ___ U.S. ___, 141 S. Ct. 2090, 2096, 210 L. Ed. 2d 121 (2021) (explaining that an error affecting substantial rights "generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different'" (citation omitted)). We have likewise applied the same prejudice inquiry on plain error review. *See State v. Fifteen Impounded Cats*, 2010 S.D. 50, ¶ 33, 785 N.W.2d 272, 283.

[¶17.] The habeas court properly determined that the prejudice showing under plain error review is the same as that which must be shown to prove prejudice under *Strickland* for an ineffective assistance of counsel claim related to the same underlying trial errors. The court also correctly concluded that a finding on direct appeal that a defendant did not show prejudice under plain error review would preclude a finding of prejudice by a habeas court reviewing the same trial record with respect to the same alleged error. Whether the court properly determined that this Court's denial of relief on direct appeal is res judicata barring review of Neels's particular ineffective assistance of counsel claims on habeas is addressed in the analysis of the second question identified in the certificate of probable cause.

> **2. Whether genuine issues of material fact exist in this case which preclude imposition of summary judgment in favor of the State as a matter of law.**

[¶18.] According to Neels, even if the *prejudice* inquiries under plain error review and review of an ineffective assistance claim are the same, the doctrine of

res judicata does not bar his current habeas claims. He asserts that it cannot be determined as a matter of law that this Court concluded on direct appeal that he was or was not prejudiced by the alleged trial errors. He notes that this Court's summary order does not identify whether the Court found no prejudice before it declined to grant relief, or whether the Court instead declined to exercise its discretion to grant relief under the more stringent plain error standard of review, notwithstanding a finding of prejudice. Therefore, he contends that material issues of fact are in dispute as to the basis for this Court's denial of relief on direct appeal. On the contrary, the question Neels raises is better characterized as a question of law, i.e., whether this Court's summary order denying relief on direct appeal under plain error review has a preclusive effect on Neels's ineffective assistance of counsel claims on habeas arising out of the same underlying trial errors.

[¶19.]    "To establish plain error, [a defendant] must show: '(1) error, (2) that is plain, (3) affecting substantial rights; and only then may this Court exercise its discretion to notice error if, (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *State v. McMillen*, 2019 S.D. 40, ¶ 13, 931 N.W.2d 725, 729–30 (citation omitted). According to the United States Supreme Court, "[t]he fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Puckett v. United States*, 556 U.S. 129, 142, 129 S. Ct. 1423, 1433, 173 L. Ed. 2d 266 (2009). Further, this Court has repeatedly said that "[w]e invoke *our discretion* under the plain error rule cautiously and only in '*exceptional circumstances.*'" *McMillen*, 2019 S.D. 40, ¶ 13, 931 N.W.2d at 729 (quoting *State v. Bariteau*, 2016 S.D. 57, ¶ 23, 884 N.W.2d 169, 173).

[¶20.] Therefore, although the prejudice inquiry on plain error review is the same as that applied to an ineffective assistance of counsel claim, this alone does not mean that in *all* cases a denial of relief on direct appeal under plain error review bars a defendant from obtaining review on habeas of a claim of ineffective assistance of counsel related to the same underlying errors. Though rare, there may be instances in which this Court denies relief based on a failure to meet the more stringent fourth prong. *See Deck v. State*, 68 S.W.3d 418, 428 (Mo. 2002) ("[A]s *Strickland* recognized[,] this theoretical difference in the two standards of review will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal[.]" (citation omitted));[4] *see also Ex parte Taylor*, 10 So. 3d 1075, 1078 (Ala. 2005) (the mere denial of relief on plain error review will not automatically foreclose review of an ineffective assistance of counsel claim). However, when a denial of relief on direct appeal under plain error review occurred because the defendant failed to establish error or prejudice, res judicata applies against a subsequent ineffective assistance claim arising out of the same underlying trial error.

[¶21.] To determine whether the habeas court properly concluded that res judicata applies here, we must review the specific grounds underlying Neels's

---

4. While Missouri's plain error test is not identical to this Court's, Missouri requires a showing that "the error so substantially affected [the defendant's] rights *that a manifest injustice or a miscarriage of justice would result were the error left uncorrected.*" *Id.* at 424 (emphasis added). This language more closely aligns with this Court's discussion of scenarios that would meet our fourth prong of plain error review, and as the Missouri court observed, a lack of *manifest injustice* does *not* equate to a finding of no prejudice for the purpose of *Strickland*. *See id.* at 427.

claims of ineffective assistance of counsel and the language of this Court's summary affirmance order on direct appeal.

### a. The Prosecutor's Opening Statement

[¶22.]      The language of this Court's summary order indicates that we "considered all of the briefs filed in the above-entitled matter, and in light of the record in this case," concluded that "Neels has *not* met his burden that the state's improper opening statement *so infected his trial that his conviction violates due process*."[5] (Emphasis added.) Although the language of the order reflects that this Court found the prosecutor's opening statement to be improper (error or plain error), by concluding that the improper statement did not violate Neels's right to due process, Neels cannot establish on habeas that his trial counsel's performance resulted in an unreliable outcome. As the United States Supreme Court has explained, "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). Because a finding of prejudice on habeas review

---

5.    The italicized language appears in a discussion of the fourth prong of plain error review in *State v. Mulligan*, 2007 S.D. 67, ¶ 27, 736 N.W.2d 808, 818. However, in relating this language, the Court in *Mulligan* cited a case that applied the same language in examining the *third* prong of plain error review. *Id.* (quoting *United States v. Bamberg*, 478 F.3d 934, 939 (8th Cir. 2007)). A review of *Bamberg* and other cases reveals that the question whether an error so infected the trial that a conviction violates due process pertains to a review of prejudice under the third prong of plain error review. *See Bamberg*, 478 F.3d at 939; *United States v. Smith*, 450 F.3d 856, 859 (8th Cir. 2006) (describing the due process determination in terms of a prejudice inquiry prior to applying *Olano*'s fourth prong); *United States v. Falcon*, 477 F.3d 573, 577 (8th Cir. 2007) (same).

would be inconsistent with this Court's ruling on direct appeal, the habeas court properly determined that res judicata precludes relief on this first ground upon which Neels alleged ineffective assistance of counsel.

### b. The Lack of a Unanimity Instruction

[¶23.] This Court's summary order disposed of Neels's remaining issues on direct appeal, including the lack of a unanimity instruction, by quoting the statutory grounds under which a summary affirmance may be issued pursuant to SDCL 15-26A-87.1(A). The order provided "that it is manifest on the face of the briefs and the record that the appeal is without merit on the following grounds: 1. that the issues on appeal are clearly controlled by settled South Dakota law or federal law binding upon the states, 2. that the issues on appeal are factual and there clearly is sufficient evidence to support the verdict, and 3. that the issues on appeal are ones of judicial discretion and there clearly was not an abuse of discretion." *See id.*

[¶24.] Although the summary order does not identify under which prong of plain error review this Court denied Neels relief on the unanimity issue, we reject Neels's suggestion that the summary order allows for the possibility that this Court found error and prejudice but nevertheless declined to exercise its discretion to grant relief after a determination that the fourth prong of plain error review had not been met. The language in the order reflects that the Court found the unanimity issue to be "without merit" because the issue was "clearly controlled by

-14-

settled South Dakota law[.]"[6] In making this determination, the Court necessarily found either no error or no prejudice.[7] In comparison, a decision by the Court to affirm despite a finding of plain error and prejudice would involve the exercise of this Court's discretion to deny relief when the more stringent fourth prong of plain error review has not been met.[8] Such a decision could not be aptly characterized as a decision "clearly controlled by settled law." Moreover, although this Court could decline relief after concluding there was an obvious and prejudicial error, we could not at the same time deem the issue on appeal to be without merit.

[¶25.]       Of final note, the prejudice inquiry stemming from the error alleged here—counsel's failure to request a unanimity instruction—implicates the same prejudice inquiry that would have been undertaken on direct appeal in the event the lack of a unanimity instruction was determined to be plain error. Even if

---

6.    The first statutory ground from SDCL 15-26A-87.1(A) could encompass both the error and prejudice prongs relating to the unanimity issue. The other statutory grounds quoted in the summary order regarding sufficiency of the evidence and matters over which a trial court has exercised discretion would have been more pertinent to the additional claims raised by Neels on direct appeal.

7.    A determination that this Court resolved the unanimity issue in this manner aligns with the parties' briefs filed in Neels's direct appeal. Although both parties' briefs recited the four prongs of plain error review, their arguments focused only on the first and third prongs regarding whether there was error or prejudice.

8.    When addressing the fourth prong of plain error review, which guides the exercise of an appellate court's *discretion*, the United States Supreme Court counseled that a court "*should* correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 736, 113 S. Ct. at 1779 (emphasis added) (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 392, 80 L. Ed. 555 (1936)); *accord Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906, 201 L. Ed. 2d 376 (2018).

counsel's performance is deemed deficient under *Strickland* standards, the accompanying prejudice determination would rest upon an examination of the existing trial record, i.e., the counts submitted to the jury in light of the evidence presented and arguments made, in conjunction with the jury instructions actually given. Because a review of the prejudicial effect of the lack of a unanimity instruction, whether it be on direct appeal or on habeas, is identical, this Court's denial of relief on direct appeal by summary order under SDCL 15-26A-87.1(A)(1) is res judicata, precluding Neels from raising a subsequent claim on habeas arising out of the same underlying trial error.[9] Therefore, the habeas court properly dismissed Neels's amended application for a writ of habeas corpus on summary judgment.

[¶26.] Affirmed.

[¶27.] JENSEN, Chief Justice, and SALTER, Justice, and GILBERTSON, Retired Chief Justice, concur.

[¶28.] KERN, Justice, concurs in part and dissents in part.

[¶29.] MYREN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

9.    SDCL 15-26A-87.1(E) provides in relevant part that the Court's summary dispositions "shall not be cited or relied upon as authority in any litigation in any court in South Dakota except when the decision establishes the law of the case, res judicata or collateral estoppel[.]"

KERN, Justice (concurring in part and dissenting in part).

[¶30.] In Neels's direct appeal on the issue of a lack of a unanimity instruction, this Court summarily affirmed Neels's conviction, reasoning only "that it is manifest on the face of the briefs and the record that the appeal is without merit on the following grounds: 1. that the issues on appeal are clearly controlled by settled South Dakota law or federal law binding upon the states, 2. that the issues on appeal are factual and there clearly is sufficient evidence to support the verdict, and 3. that the issues on appeal are ones of judicial discretion and there clearly was not an abuse of discretion." Because I do not agree that the unanimity instruction issue in Neels's current habeas corpus petition is precluded by this language under the doctrine of res judicata, I respectfully dissent as to this issue.

[¶31.] Our doctrine of res judicata includes two concepts: issue preclusion and claim preclusion. *Piper v. Young*, 2019 S.D. 65, ¶ 22, 936 N.W.2d 793, 804. Only issue preclusion is relevant here, and issue preclusion may only foreclose relitigation of matters that have already been "litigated and *decided*." *Id.* (emphasis added) (citation omitted). The majority opinion infers from the summary affirmance language quoted above that this Court either found no error or no prejudice in Neels's direct appeal arising from the lack of a unanimity instruction. The majority opinion then determines that the issue of prejudice is precluded in this habeas action based on that inference. What is lacking in Neels's direct appeal, however, is a *decision* from this Court on the issue of prejudice—without that, the issue of prejudice in Neels's habeas petition arising from the lack of a unanimity instruction is not properly precluded under the doctrine of res judicata.

[¶32.]     The writ of habeas corpus is the last line of defense within our state judicial system against deprivations of basic constitutional rights in criminal matters.  When, on direct appeal, this Court declines to specifically address a defendant's claims in a written opinion, or in a summary order, it creates uncertainty as to the preclusive effect of the direct appeal on a subsequent habeas petition alleging ineffective assistance of counsel.  For this reason, res judicata should be applied to habeas corpus petitions in only the clearest of circumstances by this Court—not based on a summary conclusion in an order of affirmance.