#29220-aff-PJD
**2022 S.D. 5**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

CHADWICK WILLIAM HARRIS,                          Petitioner and Appellant,

v.

BRENT FLUKE, Warden of the
Mike Durfee State Prison,                          Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

* * * *

MARK KADI of
Minnehaha County Office
   of the Public Advocate
Sioux Falls, South Dakota                          Attorneys for petitioner
                                                   and appellant.


JASON R. RAVNSBORG
Attorney General

QUINCY R. KJERSTAD
Assistant Attorney General
Pierre, South Dakota                               Attorneys for respondent
                                                   and appellee.

* * * *

CONSIDERED ON BRIEFS
AUGUST 24, 2020
OPINION FILED **01/19/22**

#29220

DEVANEY, Justice

[¶1.] After this Court affirmed Chadwick Harris's conviction of third-degree rape on direct appeal, Harris applied for habeas corpus relief alleging ineffective assistance of counsel. The habeas court dismissed Harris's application after granting the State's motion for summary judgment, but the court issued a certificate of probable cause on issues relating to the doctrine of res judicata. Harris appeals, and we affirm.

## Factual and Procedural Background

[¶2.] A grand jury indicted Harris on one count of third-degree rape—sexual penetration of a person incapable of giving consent due to an intoxicating, narcotic, or anesthetic agent, or hypnosis. Harris pled not guilty, and at trial, argued consent as his defense. The jury found Harris guilty and he appealed, alleging multiple errors. Relevant here, Harris asserted that the circuit court abused its discretion in admitting the victim's testimony, over a hearsay objection, that a rape hotline operator had told her that "it sounded like [she] was raped multiple times" and that she "should go to the ER right away." Harris further asserted that plain error occurred in light of the prosecutor's interjection, during closing argument, of his own personal study of the evidence and conclusions.[1] This Court summarily affirmed Harris's conviction.

---

1. During closing arguments, the prosecutor made the following remarks:

> I thought long and hard about this case. I thought long and hard about whether or not this was a case that needed to be heard by a jury. And it's a serious allegation. I thought about the evidence, and I looked at the video, the phone report. I looked at everything and it

(continued . . .)

-1-

[¶3.]        In 2018, Harris filed an amended application for habeas corpus relief alleging ineffective assistance of counsel based on two alleged errors: (1) trial counsel's failure to object to the prosecutor's alleged vouching during closing argument; and (2) trial counsel's failure to object on Confrontation Clause grounds to the victim's testimony restating what the rape hotline operator had said to her.[2] After the habeas court issued a provisional writ of habeas corpus, the State filed a motion for summary judgment. The State argued that Harris could not establish prejudice on his ineffective assistance of counsel claim related to the alleged improper vouching because this Court summarily denied relief for that alleged error on direct appeal. The State further asserted that Harris could not establish error by his trial counsel's failure to object on confrontation grounds to the victim's testimony because, according to the State, the statement was properly admitted.

[¶4.]        At the hearing on the application, the habeas court took judicial notice of the underlying criminal file and heard arguments from counsel. On the issue of the alleged improper vouching by the prosecutor, the habeas court granted summary judgment. It reasoned that the prejudice inquiry on plain error review is the same as the prejudice inquiry under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and thus, this Court's denial of relief on

---

(. . . continued)

> became clear to me that Mr. Harris did take advantage of [R.K.'s] impairment; that she was incapable of consent; that he knew it; and that a jury needed to hear about it.

2.        Harris's habeas counsel is different than both his appellate and trial counsel.

direct appeal under plain error review was res judicata precluding Harris's ineffective assistance of counsel claim related to the same error.

[¶5.]     The court next considered the State's argument that summary judgment would be appropriate on Harris's claim that trial counsel was ineffective for failing to raise a Confrontation Clause violation when objecting to the victim's testimony restating what the rape hotline operator had said.  The State asserted that this testimony was foundational and not offered for the truth of the matter asserted.  In response, Harris's counsel asserted that the statement was testimonial because it went "to the ultimate conclusion of the case: Whether a rape occurred." After further argument by counsel for both parties and questions from the habeas court, the court granted the State summary judgment on this claim of ineffective assistance of counsel also.

[¶6.]     Harris appeals, asserting the following issues as stated in the habeas court's certificate of probable cause:

> 1.     Whether the ineffective assistance of counsel prejudice standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) requires a lower level or quality of showing of prejudice than is required under plain error analysis as articulated in *State v. McMillen*, 2019 S.D. 40, 931 N.W.2d 725.
>
> 2.     Whether a judicial determination on appeal that alleged trial irregularities do not constitute plain error precludes, under the doctrine of res judicata, collateral review of counsel's performance as ineffective assistance for failing to address and seek to mitigate the same issues at trial.

## Standard of Review

[¶7.]     As we recently stated in *Neels v. Dooley*:

> "A habeas corpus applicant has the initial burden of proof to establish a colorable claim for relief." *Jenner v. Dooley*, 1999 S.D. 20, ¶ 11, 590 N.W.2d 463, 468.  However, "[h]abeas corpus is not a substitute for direct review." *Loop v. Class*, 1996 S.D. 107, ¶ 11, 554 N.W.2d 189, 191 (citation omitted).  Rather, "[h]abeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Id.* (citation omitted). Ordinarily, we review a habeas court's findings of fact for clear error, *see Jenner*, 1999 S.D. 20, ¶ 11, 590 N.W.2d at 468, but here the habeas court granted the State's motion for summary judgment as a matter of law.  Therefore, our review is de novo. *See Reutter v. Meierhenry*, 405 N.W.2d 627, 630 (S.D. 1987) (recognizing that the rules governing summary judgment apply in habeas proceedings).

2022 S.D. 4, ¶ 10, 969 N.W.2d 729, 733.

## Analysis and Decision

[¶8.]     The first issue on appeal is resolved by this Court's recent decision in *Neels*, where counsel advanced the same arguments as those made here on behalf of Harris.[3]  *See id.* ¶ 16–17, 969 N.W.2d at 735–36.  In that case, we reviewed United States Supreme Court precedent and decisions from this Court and specifically held that the showing of prejudice under *Strickland* is the same as that required to establish prejudice under plain error review.  *Id.*  Likewise, here, the habeas court properly determined that the prejudice standard applicable to Harris's ineffective assistance of counsel claims on habeas requires the same showing of prejudice as is

---

3.     Neels and Harris were represented by the same attorney in their respective habeas actions.

required under plain error review on direct appeal related to the same underlying trial errors.[4]

[¶9.]     This Court's decision in *Neels* is also instructive in resolving the question whether the habeas court properly determined that the doctrine of res judicata precludes a consideration of Harris's habeas claim that counsel was ineffective for failing to object to the prosecutor's improper vouching. In particular, the Court in *Neels* examined whether a denial of relief on direct appeal under plain error review necessarily precludes review of an ineffective assistance of counsel claim on habeas for the same underlying trial errors. *Id.* ¶¶ 20–24, 969 N.W.2d at 736–38. In *Neels*, we quoted the four prongs a defendant must show to establish plain error and then explained that "although the prejudice inquiry on plain error review is the same as that applied to an ineffective assistance of counsel claim, this alone does not mean that in *all* cases a denial of relief on direct appeal under plain error review bars a defendant from obtaining review on habeas of a claim of ineffective assistance of counsel related to the same underlying errors." *Id.* ¶ 20, 969 N.W.2d at 736. Rather, for res judicata to bar a subsequent ineffective assistance claim on habeas arising out of the same underlying trial error, the denial

---

4.     Counsel for Harris advances a similar argument as that asserted and rejected in *Neels*. In particular, counsel for Harris asks this Court to view the prejudice inquiry from the perspective that Harris's trial counsel's failure to preserve issues at trial subjected Harris's later alleged errors to a more onerous standard of review on direct appeal. However, the prejudice inquiry necessitated by Harris's ineffective assistance claim looks to the result at trial, not on appeal. As we said in *Neels*, "the controlling inquiry under *Strickland* is whether the error on the part of trial counsel 'undermined confidence in the outcome of the trial,' and not 'whether trial counsel's error resulted in an unfavorable standard of review on appeal.'" 2022 S.D. 4, ¶ 13, 969 N.W.2d at 734 (citation omitted).

of relief on direct appeal under plain error review must occur "because the defendant failed to establish error or prejudice[.]" *Id.*

[¶10.]     Therefore, we begin by reviewing the language of this Court's summary order from Harris's direct appeal, which provides in relevant part "that it is manifest on the face of the briefs and the record that the appeal is without merit on the following grounds: 1. that the issues on appeal are clearly controlled by settled South Dakota law or federal law binding upon the states . . . ." Similar to the second claim of ineffective assistance of counsel in *Neels*, the language of the summary order here does not identify which prong or prongs of plain error review this Court relied upon in denying Harris relief on his claim of improper vouching by the prosecutor. However, as we explained in *Neels*, albeit for a different alleged error, by finding the "issue to be 'without merit' because the issue was 'clearly controlled by settled South Dakota law[,]'" the Court "found either no error or no prejudice." *See* 2022 S.D. 4, ¶ 24, 969 N.W.2d at 738.

[¶11.]     Finally, as we observed in *Neels*, the review of the prejudicial impact of certain types of trial error, regardless of whether raised on direct appeal or in a habeas proceeding, is identical. *See id.* ¶ 25. Here, the prejudice inquiry attendant to an ineffective assistance of counsel claim related to the prosecutor's improper vouching does not require further development of a record on habeas. The impact of the statement can be ascertained by reviewing the existing trial record. Therefore, regardless of whether trial counsel's performance is deemed deficient under *Strickland* standards for failing to object to the prosecutor's commentary, this Court's denial of relief on direct appeal by summary order under SDCL 15-26A-

87.1(A)(1) for the same underlying trial error is res judicata, precluding review of Harris's ineffective assistance claim on habeas. "It is well settled that '[a] habeas court cannot [ ] review issues previously decided by this Court on direct appeal.'" *Neels*, 2022 S.D. 4, ¶ 11, 969 N.W.2d at 733 (quoting *Lodermeier v. Class*, 1996 S.D. 134, ¶ 24, 555 N.W.2d 618, 626). The habeas court properly dismissed this ineffective assistance of counsel claim based upon res judicata principles.

[¶12.] Harris also argues that the habeas court erred in granting summary judgment on his ineffective assistance of counsel claim alleging that his trial counsel should have asserted a Confrontation Clause violation when objecting to the victim's testimony about what the rape hotline operator had told her. However, the certificate of probable cause does not identify this issue for the Court's review on appeal. The certificate refers only to the res judicata effect of a decision on direct appeal applying *plain error review*. As Harris acknowledges, trial counsel objected on hearsay grounds to the admission of this testimony from the victim, and this Court applied the *abuse of discretion standard* on direct appeal in reviewing the trial court's admission of the same over counsel's hearsay objection. Thus, there was no judicial determination on direct appeal applying plain error review to the Confrontation Clause issue Harris now raises in his ineffective assistance of counsel claim relating to this testimony.

[¶13.] From our review of the transcript of the habeas hearing, it appears the habeas court granted the State summary judgment on the merits of Harris's claim that trial counsel was ineffective for failing to object to the admission of the rape hotline operator's statements on Confrontation Clause grounds. Although the

habeas court had indicated in its oral ruling that it would issue a certificate of probable cause as to both ineffective assistance of counsel claims, the issues later identified by the court in its certificate of probable cause do not encompass this particular claim. Therefore, we have no jurisdiction to consider it. *See White v. Weber*, 2009 S.D. 44, ¶ 10, 768 N.W.2d 144, 149 (declining to review ineffective assistance of counsel claims not identified as appealable issues in the certificate of probable cause).

[¶14.]     Affirmed.

[¶15.]     JENSEN, Chief Justice, and SALTER, Justice, and GILBERTSON, Retired Chief Justice, concur.

[¶16.]     KERN, Justice, concurs in part and dissents in part.

[¶17.]     MYREN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.


KERN, Justice (concurring in part and dissenting in part).

[¶18.]     In Harris's direct appeal on the issue of alleged improper vouching in the prosecutor's closing argument, this Court summarily affirmed Harris's conviction, reasoning, as the majority opinion quotes, "that it is manifest on the face of the briefs and the record that the appeal is without merit on the following grounds: 1. that the issues on appeal are clearly controlled by settled South Dakota law or federal law binding upon the states . . . ." Because I do not agree that the issue regarding alleged improper vouching in Harris's current habeas corpus

petition is precluded by this language under the doctrine of res judicata, I respectfully dissent as to this issue only.

[¶19.]    As in *Neels v. Dooley*, the majority opinion infers from the summary affirmance language quoted above that this Court found "either no error or no prejudice" from the alleged improper vouching on direct appeal. 2022 S.D. 4, ¶ 24, 969 N.W.2d at 738. However, the summary affirmance language here and the majority opinion's inference therefrom does not satisfy the applicable res judicata requirement that a matter must have been already litigated and *decided* to foreclose litigation of that matter.[5] Here, the summary affirmance language lacks a *decision* from this Court on the issue of prejudice arising from alleged improper vouching. Therefore, this issue is not properly precluded under the doctrine of res judicata.

[¶20.]    Here, the same caution set forth in the *Neels* dissent applies:

> The writ of habeas corpus is the last line of defense within our state judicial system against deprivations of basic constitutional rights in criminal matters. When, on direct appeal, this Court declines to specifically address a defendant's claims in a written opinion, or in a summary order, it creates uncertainty as to the preclusive effect of the direct appeal on a subsequent habeas petition alleging ineffective assistance of counsel. For this reason, res judicata should be applied to habeas corpus petitions in only the clearest of circumstances by this Court—not based on a summary conclusion in an order of affirmance.

*Id.* ¶ 32, 969 N.W.2d at 739.

---

5.    As clarified in the dissent in *Neels*, "Our doctrine of res judicata includes two concepts: issue preclusion and claim preclusion." 2022 S.D. 4, ¶ 31, 969 N.W.2d at 739. Again, as in *Neels*, "Only issue preclusion is relevant here, and issue preclusion may only foreclose relitigation of matters that have already been 'litigated and *decided*.'" *Id.* (quoting *Piper v. Young*, 2019 S.D. 65, ¶ 22, 936 N.W.2d 793, 804).